# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ROBERT FRANKLIN LESTER,** | ) |
| | ) |
| Plaintiff, | )  Case No. 1:21CV00036 |
| | ) |
| v. | )  **OPINION AND ORDER** |
| | ) |
| **KILOLO KIJAKAZI, ACTING** | )  JUDGE JAMES P. JONES |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** | ) |
| | ) |
| Defendant. | ) |

*Hugh F. O'Donnell, Norton, Virginia, for Plaintiff; Antonia M. Adam, Special Assistant United States Attorney,* OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, *Baltimore, Maryland, for Defendant.*

In this social security disability case, I will grant the plaintiff's objections to the Report and Recommendation (Report) of the magistrate judge and will remand the case to the Commissioner of Social Security (Commissioner) for further development.

I.

Robert Franklin Lester challenges the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. § 423(a)–(e). Jurisdiction of this court exists under 42 U.S.C. § 405(g). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings

pursuant to 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Judge Sargent filed her Report on December 12, 2022, in which she recommended that I deny Lester's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the Commissioner's decision denying benefits. On January 26, 2023, Lester filed timely objections to the Report. The Commissioner filed a response to the objections on February 23, 2023. These objections are now ripe for decision.

II.

Lester filed his application for a period of disability and disability insurance benefits with the Social Security Administration on March 13, 2019, alleging onset of his disability as of August 1, 2018. After preliminary denials of his claim, Lester obtained a telephonic hearing before an administrative law judge (ALJ) on February 1, 2021, at which Lester was represented by a non-attorney representative. Lester and his wife testified along with a vocational expert. On March 2, 2021, the ALJ issued a written decision finding that Lester was not disabled within the meaning of the Act. Lester requested review by the Social Security Administration's Appeals Council. The Appeals Council denied his request for review on June 24, 2021, thereby making the ALJ's determination the final decision of the Commissioner.

I must make a de novo determination of those portions of the Report to which the plaintiff objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Under the

Act, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, then the inquiry ends, and the Commissioner's final decision must be affirmed. *Id.* On the other hand, I must vacate the Commissioner's decision if substantial evidence to support it is lacking and the decision was not reached through the application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

A claimant seeking benefits must show a "medically determinable physical or mental impairment" exists and has persisted for at least 12 months. 42 U.S.C. § 423(d)(1)(A). That impairment must prevent the claimant from participating in "substantial gainful activity." *Id.* In assessing disability claims, the Commissioner applies a five-step sequential evaluation process. The claimant bears the burden of proving the first four steps and then the burden shifts to the Commissioner for the fifth step. 20 C.F.R. § 404.1520(a)(4)(i)–(v). The Commissioner considers whether

the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to past relevant work; and (5) if not, whether he could perform other work present in the national economy. *Id.*

In 2015, Lester, a 33-year-old coal miner, underwent surgery to remove two lymph nodes after receiving a diagnosis of Hodgkin lymphoma, stage IIA. Three years later, after experiencing poor vision, swelling in his left eyelid and some "drooping," he learned he had osteoblastoma in the orbital bone around his left eye. His ophthalmologist referred him to Duke University Medical Center where he underwent another surgery to resection the orbital bone. Additionally, he suffered with kidney stones, back pain, anxiety, and depression.

Lester's wife, a nurse, testified at the ALJ hearing about Lester's condition and how his symptoms impacted his activities of daily living. She testified that her husband's fatigue, constant headaches, and dizziness had severely limited his life activities, resulting in her taking on all the responsibilities for the household. She explained that the doctors told her that because they had cut through Lester's nerves to replace the bone around his eye, he experiences headaches when he is exposed to cold or heat. Lester testified that he had difficulty following instructions and

maintaining a regular work schedule, although he was able to drive, prepare simple meals, watch television, and manage money.[1]

In his written decision, the ALJ found that Lester had not engaged in substantial gainful activity since August 1, 2018, and that he had severe impairments. Specifically, the ALJ determined that Lester's diagnoses for osteoblastoma, obesity, lumbar degenerative disc disease, depressive disorder, anxiety, post-traumatic stress disorder (PTSD), and social phobia amounted to severe impairments. However, the ALJ did not find that Lester had an impairment or a combination of impairments that met or equaled one of the listed impairments. 20 C.F.R. Chapter III, Part 404, Subpart P, Appendix 1. Although the ALJ determined that Lester could not crawl, climb ladders, ropes, or scaffolds, or be exposed to industrial hazards, extreme temperatures, loud noise and that he did not have the residual functional capacity (RFC) to perform his past relevant work in the coal mines, he found that Lester could perform light work as a night cleaner, mail clerk or a price marker.

Lester raises three objections to the Report. First, he contends that the ALJ ignored his wife's testimony, failing to mention or consider how the information she provided applied to the analysis. Second, Lester objects to the Report's finding that

---

[1] The ALJ noted that on rare occasions Lester hunted and fished. The record supports only that he fished on rare occasions. He had not hunted since his operation in 2018.

the ALJ's determination regarding his RFC was based on substantial evidence in light of the testimony of Lester's wife. Third, Lester objects to the Report because the ALJ did not explain (1) how he assessed Lester's statements about his pain, chronic intense fatigue, unpredictable dizziness, and severe headaches in determining his RFC; and (2) how he reached the conclusion that a limitation of 10% distraction during the workday could be accommodated.

A review of the arguments contained in Lester's objections boils down to the first objection — ignoring Lester's wife's testimony — which undergirds or provides the context for the basis of his second and third objections. The Fourth Circuit's recent published decision in *Shelley C. v. Commissioner of Social Security Administration,* No. 21-2042, 2023 WL 2147306 (4th Cir. Feb. 22, 2023), informs my determination in this case.

### III.

The ALJ evaluates a claimant's symptoms through a two-prong framework. 20 C.F.R. § 404.1529. The first prong requires the ALJ to decide whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's symptoms. *Shelley C.*, 2023 WL 2147306, at *12. The second prong "involves evaluating the intensity and persistence of those symptoms to determine the extent to which they limit the claimant's ability to perform work-related activities." *Id*.

In Lester's case that evidence included back pain, chronic intense fatigue, unpredictable dizziness, and severe headaches, all supported by the testimony from Lester's wife. That evidence relates to the intensity, persistence, and the limiting effects of symptoms and cannot be discounted simply because the statements may be inconsistent with the medical evidence in the record. *Id.* at *12–13. "[W]hile there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity." *Id.* at *13 (citation omitted). Under this guidance, to require that the medical record support subjective evidence regarding Lester's symptoms before crediting such evidence impermissibly increases his burden of proof since a claimant is "entitled to rely entirely on subjective evidence to demonstrate that her pain was sufficiently persistent and severe to support a disability finding." *Id.* at *13.

IV.

I find that the ALJ's findings regarding Lester's RFC are not supported by substantial evidence and the ALJ's decision is not based on the appropriate legal standards. The case must therefore be remanded pursuant to 42 U.S.C. § 405(g).

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections, ECF No. 33, are GRANTED;
2. The Report and Recommendation, ECF No. 30, is not accepted;
3. Plaintiff's Motion for Summary Judgment, ECF No. 21, is DENIED;

4. The Commissioner's Motion for Summary Judgment, ECF No. 27, is DENIED; and

5. A separate final judgment will be entered herewith remanding the case for further development.

    ENTER:  March 21, 2023

    /s/  JAMES P. JONES
    Senior United States District Judge