## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON  DIVISION

| | | |
|---|---|---|
| **ROBERT FRANKLIN LESTER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21CV00036 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **KILOLO KIJAKAZI, ACTING** | ) | JUDGE JAMES P. JONES |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Hugh F. O'Donnell, Norton, Virginia, for Plaintiff; Patrick Roach, Special Assistant United States Attorney,* OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, *Baltimore, Maryland, for Defendant.*

In this social security disability case, I am asked to rule on Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. I will grant the motion.

### I.

Robert Franklin Lester filed this action challenging the final decision of the Commissioner of Social Security (Commissioner) denying the plaintiff's claims for a period of disability and disability insurance benefits under Title II of the Social Security Act (Act), 42 U.S.C. § 423(a)–(e).  By judgment entered March 21, 2023, this case was remanded to the Commissioner for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).  After remand, Lester's

counsel timely requested attorney's fees under the EAJA. The Commissioner opposes the motion, arguing that his position was substantially justified, and that awarding attorney's fees is not warranted.

## II.

The EAJA entitles prevailing parties in civil cases brought by or against the United States to receive an award for attorney's fees and costs, "if: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the claimant timely filed a petition supported by an itemized statement." *Large v. Barnhart*, 432 F. Supp. 2d 645, 646–47 (W.D. Va. 2006). Lester timely filed his current motion for attorney's fees and attached an itemized statement. The Commissioner does not contest that Lester is the prevailing party and does not contend that special circumstances exist that would make an award of attorney's fees unjust.

I must decide whether the Commissioner's position was substantially justified. *Id.* at 647. The test for determining whether the Commissioner's action was substantially justified is an issue of reasonableness. *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984). The Commissioner "must show that its case had a reasonable basis both in law and fact. Absent such a showing, fees should be

awarded unless some other circumstances make an award unjust." *Id.* at 146–47.[1]
A presumption that the position is unjustified does not arise simply because the
Commissioner did not prevail. *Tyler Bus. Servs., Inc. v. NLRB*, 695 F.2d 73, 75 (4th
Cir. 1982).

The Commissioner lacked substantial justification for denying benefits
because the Administrative Law Judge (ALJ) selectively considered evidence.
*Compare Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004) (reversing the
district court's judgment after finding the magistrate judge determined residual
functional capacity by considering only evidence that "cast Howard in a capable
light and excluded those portions which showed Howard in a less-than-capable
light"); *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995) ("The ALJ failed to
consider the [Testing, Evaluation and Management Work Evaluation Center] report,
both in posing the hypothetical questions to the vocational expert and in determining
that Flores was not disabled. The Secretary's decision to defend this error was not
substantially justified."); *with Large*, 432 F. Supp. 2d at 647 (finding the
Commissioner's position was substantially justified where (1) the court agreed with
the Commissioner's position in response to all of the plaintiff's arguments except
one, and (2) where it was reasonable for the government to contend that an

---

[1] I have omitted internal quotation marks, citations, and alterations here and
throughout this opinion unless otherwise noted.

incomplete hypothetical to the vocational expert did not warrant remand given that the disability was not detailed significantly in the administrative record and was not deemed a severe impairment.)

Here, the ALJ did not address the claimant's wife's testimony that went to the second prong of the two-prong framework used to evaluate a claimant's symptoms. That prong "involves evaluating the intensity and persistence of those symptoms to determine the extent to which they limit the claimant's ability to perform work-related activities." *Shelley C.* v. *Comm'r of Soc. Sec.*, 61 F.4th 341, 360 (4th Cir. 2023). Lester's wife, a nurse, testified at the ALJ hearing about Lester's symptoms and the limiting impact on his abilities, the intensity, and the persistence. She testified that her husband's fatigue, constant headaches, and dizziness had severely limited his life activities, resulting in her taking on all the responsibilities for the household. Using only the objective evidence from the medical records without considering the subjective evidence as told by the wife constitutes selectively considering evidence. *Mogdis v. Comm'r of Soc. Sec.*, No. 1:18-CV-82, 2019 WL 3765587, at *2 (W.D. Mich. Aug. 9, 2019) (finding the ALJ erred in using only the limitations that cast the claimant as more capable than what the opinion of the treating physician suggested and that the ALJ engaged in selectively considering the evidence in denying benefits). The Commissioner's decision to defend the ALJ's denial based on selectively reviewing the evidence lacks substantial justification.

I find that the plaintiff is entitled to attorney's fees and must now determine the amount of such fees. "If a claimant is found eligible for a fee award under the EAJA, the district court must determine what fee is reasonable. The court first calculates the lodestar figure, which is the product of the reasonable hourly rate and the reasonable number of hours expended." *Faircloth v. Colvin*, No. 2:13CV156, 2014 WL 5488809, at *5 (E.D. Va. Oct. 29, 2014). "Contained within the lodestar calculation are numerous factors outlined in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974)." *Id.*

The plaintiff requests attorney's fees in the amount of $9,707.57, calculated at the rate of $199.95 per hour and based on a total of 48.55 hours incurred by the attorney in his work on this case in this court. Am. Mot. Att'y Fees Ex. A, O'Donnell Aff. 4, ECF No. 40-1. The EAJA sets the maximum hourly rate at $125, unless certain factors listed justify a higher rate, including cost-of-living increases. 28 U.S.C. § 2412(d)(2)(A). The plaintiff justifies a cost-of-living increase by applying the rates for services found in the Consumer Price Index for All Urban Consumers for the South. *See Angela C. v. Kijakazi,* No. 5:20-cv-00080, 2022 WL 3648189, at *2 (W.D. Va. Aug. 24, 2022).

My examination of the attorney's itemized statement convinces me that the number of hours expended was reasonable under the circumstances of the case.

Accordingly, applying the requested hourly rate and the hours spent, I find the fee reasonable.[2]

III.

The plaintiff signed a retainer agreement with his lawyer, dated October 27, 2021. The agreement assigns any future EAJA fee award to the attorney, subject to offsetting any debt of the plaintiff to the government. Am. Mot. Atty. Fees Ex. B, Retainer Agreement ¶ 2, ECF No. 40-2.

The Anti-Assignment Act (AAA), 31 U.S.C. § 3727, applies to fees awarded under the EAJA. *Kerr ex rel. Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935 (6th Cir. 2017). That statute prohibits the preemptive "assignment of any part of a claim against the United States Government or of an interest in the claim," unless certain conditions are met. *Skvorak v. Berryhill*, 264 F. Supp. 3d 12, 13–14 (D. D.C. 2017). Those conditions require that (1) a claim is allowed, (2) the amount of the claim is decided, and (3) a warrant for payment of the claim has been issued. The assignment must be attested to by two witnesses. 31 U.S.C. § 3727(b). Applying the AAA, courts have held that preemptive assignments are void. *See, e.g., Robinson v. Comm'r of Soc. Sec.*, No. 6:09-cv-1288-Orl-18GJK, 2011 WL 1480386, at *2 (M.D. Fla. Apr. 4, 2011) (agreeing that "Plaintiff's assignment is not valid under the Anti-

---

[2] I do not address each of the *Johnson* factors because I find that they are subsumed in this case within the reasonable rate and hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

Assignment Act, because it predates any award of EAJA fees and does not comply with other formalities required by the Act.").  In this case, the assignment occurred before the court determined to allow the claim, before the amount was determined, before a warrant for payment of the claim had been issued and without two witnesses to the retainer agreement.

Nevertheless, the Commissioner may waive application of the AAA and pay the fee award directly to the attorney.   *Kerr ex rel. Kerr*, 874 F.3d at 929.

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees will be granted.  A separate Order will be entered herewith.

DATED:  July 20, 2023

/s/  JAMES P. JONES
Senior United States District Judge